**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-05-961-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alfred Arvizu, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Pending before this Court is Magistrate Judge Pyle's Report and Recommendation (Doc. No. 383). This Court must perform a de novo review of the Report and Recommendation, pursuant to 28 U.S.C. § 636(b). *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Magistrate Judge Pyle recommended that this Court grant the Motion to Sever certain Counts [1], but deny the Motion to Sever any Defendants. Judge Pyle also entered an Order denying the Motion for Disclosure as premature, leaving a final date for the government to disclose confidential witnesses and informants for district court resolution.

---

    [1] The recommendation was to sever for trial purposes Count 7 (attempt to possess with intent to distribute marijuana), Count 16 (possession of a firearm during a drug trafficking offense), Count 17 (possession of a firearm by a convicted felon) and Count 18 (unlawful transport of firearms) from Count 4 (interference with commerce by threat or violence), Count 5(carjacking), and Count 6 (possession of a firearm).

1  Both the government and Defendant filed timely objections to the
2  Report and Recommendation. (Doc. Nos. 389, 390, 391.)
3  A.  Motion to Sever
4  The government objects to any severance of Counts or Defendants.
5  Defendant objects to a trial of all Defendants at once, as "cumbersome
6  and lengthy, not to mention prejudicial." (Gomez Objection at 2.)
7  Defendant did not object to severance of the counts.
8  As to spillage and compartmentalization, Defendant's Motion to
9  Sever is denied as to all Counts and Defendants. The jury is capable of
10 compartmentalizing Defendant's role in the conspiracy from that of
11 co-Defendants, and this Court may consider giving appropriate limiting
12 instructions during the course of the trial, as well as in the jury
13 instructions. *See, e.g., United States v. Ponce,* 51 F.3d 820, 831 (9th
14 Cir. 1995); *United States v. Johnson,* 297 F.3d 845, 855 (9th Cir. 2002)
15 ("[I]f the district court attempted to cure any risk of prejudice with
16 proper limiting instructions, a defendant must also show that the
17 curative instructions were inadequate.").
18 The Motion to Sever is further denied based on Defendant's
19 allegations of prejudice.

> Limiting the jury's consideration of required elements of an indicted offense is contrary to the presumption against special verdicts in criminal cases. *United States v. Aguilar,* 883 F.2d 662, 690 (9th Cir.1989), *cert. denied,* 498 U.S. 1046 (1991). The bifurcation order removes an element of the crime from the jury's consideration, prevents the government from having its case decided by the jury, and changes the very nature of the charged crime. *See Gilliam*, 994 F.2d at 102 ("There is a significant difference, however, between a rule formulated to limit the admissibility of potentially prejudicial evidence and a rule that eliminates an element of a crime legislated by Congress.").

*U.S. v. Barker*, 1 F3d 957, 959 (9th Cir. 1993).  Again, a limiting instructions may be given by the Court when necessary.

B.  Motion for Disclosure

In the Report and Recommendation, Judge Pyle denied the Motion for Disclosure as premature.  Judge Pyle treated the disclosure issue as one resolvable through the normal course of case management.

The government argues that Defendant's motion for early disclosure is aimed primarily at evidence that would go to the validity of the wiretap rather than *Brady v. Maryland*, 373 U.S. 83 (1963), exculpatory evidence of guilt or innocence. "The defendant is without authority to justify the discovery of material solely for the use in challenging a wiretap affidavit." (GovResp at 9.)  As such, the government asserted that a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978), is the appropriate method to resolve the validity of the wiretap rather than the disclosure requested.  The government argues that ten days prior to the trial date is sufficient for disclosure, as well as in the interest of protecting the safety of witnesses.

Accordingly,

IT IS ORDERED by this Court, having performed an independent and *de novo* review of the record, that the Motion to Sever, joined by a number of Defendants (Doc. No. 316, 319, 325, 327, 334, 341, 347), is denied.  The Report and Recommendation (Doc. No. 383) is adopted in all respects, but for the recommendation to sever certain Counts.  The Court will try all Defendants and all Counts in one jury trial.

IT IS FURTHER ORDERED that the Motion for Disclosure, joined by a number of Defendants (Doc. No. 315, 320, 326, 328, 333, 340, 373), is

3

granted in that the government is required to comply with *Brady v. Maryland* and the *Jenks' Act,* but only within the time frame generally contemplated in a criminal action.  Government disclosure to Defendants in this action should be made ten (10) days prior to the trial date.

DATED this 9th day of January, 2007.

David C. Bury
United States District Judge